UNITED STATES COURT OF APPEALS
**Filed 2/20/96**TENTH CIRCUIT

PAMALIA PRINCE, individually, and as mother, )
natural guardian and next friend of J.J. Prince and )
K.B. Prince, minor children, )
                            )

     Plaintiff-Appellant, )

                            )

     v. )     No. 95-2184
                            ) (D.C. No. CIV-94-1343-JP)
NEW MEXICO DEPARTMENT OF HUMAN )     (Dist. N.M.)
SERVICES, MELBA GONZALES, C.Y.F. )
Division Supervisor; RHONDA LAWSON, )
Social Worker, DOE, all other superiors who are )
responsible for training, directing and )
supervising, their names and titles unknown at New )
Mexico Human Services Department; CHAVES )
COUNTY SHERIFF'S DEPARTMENT; JACKIE )
RAINES, Deputy; RONNIE DOYAL, Deputy; )
DOE, all other superiors who are responsible )
for training, directing, and supervising, their names )
and titles unknown at Chaves County Sheriff's )
Department; TONY SADILLO, Commissioned )
Detective, )
                            )

     Defendants-Appellees. )
                            )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Pamalia Prince brought this civil action under 42 U.S.C. § 1983 against the New Mexico Human Services Department, the Chaves County Sheriff's Department, and officers and employees of those departments, alleging violations of her Fourth, Fifth, and Eighth Amendment rights in the removal of her children from her custody because of alleged abuse and neglect.

Defendants moved for summary judgment.  In granting summary judgment in favor of defendants, the district court found that plaintiff failed to articulate with any reasonable degree of clarity any violation of her constitutional rights, and that defendants had at all times acted lawfully and with reasonable force.

We review the granting of summary judgment de novo, applying the same legal standards as the district court.  If the moving party meets its burden of showing there is an absence of any issues of material fact, the non-moving party then has the burden to come forward with specific facts showing a genuine issue for trial.  To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings.  Martin v. Nannie and the Newborns, 3 F.3d 1410, 1414 (10th Cir. 1993).  Conclusory statements are inadequate to defeat a motion for summary judgment.  Id. at 1417.

We have reviewed the briefs of the parties, the pleadings, and the district court's order, and have carefully examined the entire record on appeal.  Based upon our review of the record, we find the district court did not err in granting summary judgment in favor of defendants.

Plaintiff attempted to file an amended complaint after the original complaint had

been answered, without filing a motion for leave to file the complaint.  After entering summary judgment in favor of defendants, the district court allowed plaintiff to file a motion for leave to file an amended complaint and a motion to reconsider.  The district court then denied plaintiff's motions, finding the amended complaint failed to add any meaningful changes to the prior complaint and that it  would not survive the previously-filed summary judgment motion.  We have examined the amended complaint and find that the district court did not abuse its discretion in denying both the motion to file an amended complaint and the motion to reconsider.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3